1 │ Robert W. Keaster (SBN 115847)
2 │ Yvonne M. Schulte (SBN 237868)
  │ CHARLSTON, REVICH & CHAMBERLIN LLP
3 │ 1925 Century Park East, Suite 1250
  │ Los Angeles, California 90067-2746
  │ Telephone:  (310) 551-7000
4 │ Facsimile:  (310) 203-9321
  │ rkeaster@crcllp.com
5 │ yschulte@crcllp.com

6 │ Attorneys for Defendants
  │ RANGER INSURANCE COMPANY and
7 │ RIVERSTONE CLAIMS MANAGEMENT, LLC

8 │

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONARCH PLUMBING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RANGER INSURANCE COMPANY, RIVERSTONE CLAIMS MANAGEMENT, LLC, and DOES 1 through 300,<br><br>Defendants | Case No. 2:06-cv-01357-WBS-KJM<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM; DECLARATION OF WILSON B. TOWNSEND II SUPPORT THEREOF**<br><br>[FRCP 12(b)(6)]<br><br>DATE:  **August 7, 2006**<br>TIME:   **1:30 p.m.**<br>CTRM: **5**<br><br>Assigned to the Honorable William B. Shubb |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2006 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the above-entitled Court, located at 501 I Street, #4-200, Sacramento, California 95814, defendants RANGER INSURANCE COMPANY ("Ranger") and RIVERSTONE CLAIMS MANAGEMENT, LLC ("RiverStone") will and hereby do move this Court to

dismiss the entire complaint as against RiverStone and Ranger pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## **MOTION TO DISMISS**

RiverStone moves to dismiss Monarch's complaint pursuant FRCP 12(b)(6) on the grounds that the First, Second, Third and Fourth Claims for Relief do not assert a cognizable legal theory under which Monarch may recover from RiverStone and do not allege facts sufficient to state claims upon which relief may be granted. RiverStone is a claims agent acting on behalf of Ranger. RiverStone is not a party to the insurance contract with Monarch which forms the basis of all Claims for Relief.

Ranger moves to dismiss Monarch's complaint pursuant FRCP 12(b)(6) on the grounds that the First, Second, Third and Fourth Claims for Relief do not assert a cognizable legal theory under which Monarch may recover from Ranger and do not allege facts sufficient to state claims upon which relief may be granted. The specific grounds are as follows:

1. Monarch's First Claim for Relief for Declaratory Relief should be dismissed on the following grounds:

   - The claim for declaratory relief should be dismissed because Ranger does not owe Monarch any of the duties or obligations which Monarch is seeking to obtain a judicial determination of.

2. Monarch's Second Claim for Relief for Breach of Contract should be dismissed on the following grounds:

   - Monarch's breach of contract claim for relief does not allege a breach of an express provision of the insurance contract between Monarch and Ranger.

   - Monarch's breach of contract claim for relief runs counter to the broad discretion given to insurers in investigating, defending and settling cases.

3. Monarch's Third Claim for Relief for Breach of the Covenant of Good Faith and Fair Dealing should be dismissed on the following grounds:

- Monarch's claim for relief for breach of the covenant of good faith and fair dealing cannot be maintained without an allegation that the insurer unreasonably denied benefits due under the policy.

- Monarch's breach of the covenant of good faith and fair dealing claim for relief runs counter to the broad discretion given to insurers in investigating, defending and settling cases.

4. Monarch's Fourth Claim for Relief for Injunctive Relief, Disgorgement and/or Restitution Pursuant to Business and Professions Code § 17200, et. seq. should be dismissed on the following grounds:

- Monarch has an adequate remedy at law.

- Monarch has not suffered an injury in fact.

- Monarch's complaint has not complied with the procedural requirements applicable to class-action suits.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities filed herewith, the Declaration of Wilson

///
///
///
///
///
///
///
///

Charlston, Revich
& Chamberlin LLP
2058s.wpd

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

1  B. Townsend, II, the pleadings on file herein and upon such other argument and

2  evidence as may be presented to the Court at the hearing of this matter.

3

4  DATED: June 26, 2006              Respectfully submitted,

5                                    CHARLSTON, REVICH & CHAMBERLIN LLP
                                     ROBERT W. KEASTER
6                                    YVONNE M. SCHULTE

7

8                        By:  _Robert W. Keast_____

9                              Robert W. Keaster,
                               Attorneys for Ranger Insurance Company
10                             and RiverStone Claims Management, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . 1

II.  MONARCH'S COMPLAINT . . . . . . . . . . . . . . . 3

III. THE RANGER POLICY . . . . . . . . . . . . . . . . . . . . . 4

IV.  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . 5

V.   MONARCH FAILS TO STATE A CLAIM AGAINST RIVERSTONE
     UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . . 5

     A.   RiverStone is an Agent of Ranger and Cannot Be Sued
          Separately . . . . . . . . . . . . . . . . . . . . . 6

     B.   Riverstone Is an Agent of Ranger and Owes No Duty to
          Monarch . . . . . . . . . . . . . . . . . . . . . 6

     C.   Plaintiff Cannot Assert a Claim for Violation of § 17200,
          et seq. Against Riverstone . . . . . . . . . . . . . . . . . 7

VI.  PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY
     RELIEF UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . 7

VII. PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER
     FOR BREACH OF CONTRACT UPON WHICH RELIEF CAN
     BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . 7

     A.   Plaintiff Cannot Assert a Claim for Breach of Contract
          Against Ranger for Defending a Claim Against Monarch
          That Lacked Merit . . . . . . . . . . . . . . . . . . . . 8

     B.   Monarch Cannot Assert a Claim for Breach of Contract
          Against Ranger for Defending a Claim Against Monarch's
          Additional Insureds That Lacked Merit or Without
          Monarch's Permission . . . . . . . . . . . . . . . . . . 9

     C.   Monarch Cannot Assert a Claim for Breach of Contract
          Against Ranger for Appointing Counsel to Defend Monarch . . . . 10

     D.   Monarch Cannot Assert a Claim for Breach of Contract
          Against Ranger for Setting Reserves . . . . . . . . . . . . 12

     E.   Monarch Cannot Assert a Claim for Breach of Contract
          Against Ranger for Settling Claims Without its Consent . . . . . . 13

VIII. MONARCH FAILS TO STATE A CLAIM AGAINST RANGER
      FOR BREACH OF THE COVENANT OF GOOD FAITH AND
      FAIR DEALING UPON WHICH RELIEF CAN BE GRANTED . . . . 15

///

///

A.   Ranger has no duty to apprise Monarch of actions and communications taken on behalf of additional insureds because the additional insureds are adverse litigants to Monarch and under California law and the policy, Ranger owes a separate duty to them . . . . . . . . . . . . . . . . . . . . . . . 15

B.   Ranger has no duty to seek or obtain Monarch's input and expertise on claims because under the express terms of the insurance policy, Ranger has the right to control the defense . . . . 16

C.   The benefits Monarch is claiming it was denied are not benefits under the policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

(i)   Monarch asserts that Ranger denied policy benefits to it by not allowing Monarch to request of claimants whether such claimants have an actual, factual basis for such claims (See Complaint ¶¶ 9(a), 13, 16(f), 23(c)) . . . . . . . . 17

(ii)   Monarch asserts that Ranger denied policy benefits to it by setting high loss reserves for claims (See Complaint ¶¶ 6(a), 23(c), 30)) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

(iii)   Monarch asserts that Ranger denied policy benefits to it by negotiating settlements without evaluating the merits of the claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

IX.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER FOR VIOLATION OF § 17200 UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

A.   Monarch's claim for relief for violation of § 17200 fails as a matter of law because Monarch has an adequate remedy at law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B.   Monarch's claim for relief for violation of § 17200 fails as a matter of law because Monarch has received all benefits due under the Ranger Policy and has not suffered an injury in fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

C.   Monarch's claim for relief for violation of § 17200 fails as a matter of law because Monarch has not complied with procedural requirements . . . . . . . . . . . . . . . . . . . . . . 19

X.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page**

*American Mutual Liability Ins. Co. v. Superior Court (Nork)* (1974)
38 Cal.App.3d 579 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Presley Homes v. Am. States Ins. Co.* (1990)
90 Cal. App. 4th 571, 576-577 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*State Farm Mutual Automobile Ins. Co. v. Federal Ins. Co.* (1999)
72 Cal.App.4th 1422, 1429 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Aerojet-General Corp. v. Transport Indemnity Co.* (1997)
17 Cal. 4th 38, 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Arizona Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*
421 F.3d 981, 985, fn 4 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . 19

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696, 699 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Carolina Casualty Ins. Co. v. Bolling, Walter & Gawthrop*
2005 U.S. Dist. LEXIS 20485 (E.D. Cal. May 31, 2005) 21-22 . . . . . . . . 11

*Conley v. Gibson* (1957)
335 U.S. 41, 45-46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Egan v. Mutual of Omaha Ins. Co.* (1979)
24 Cal. 3d 809 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*General Star Indemnity Company v. Schools Excess Liability Fund*
888 F. Supp. 1022, 1028 (N.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . 7

*Gray v. Zurich Insurance Company* (1966)
65 Cal. 2d 263, 276-277 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Gruenberg v. Aetna Insurance Company* (1973)
9 Cal. 3d 566, 576 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Heighley v.  J.C. Penney Life Insurance Co.
257 F.Supp. 2d 1241, 1259-1260 (C.D. Cal. 2003) . . . . . . . . . . . . 19

*Icasiano v. Allstate Ins. Co.*
103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000) . . . . . . . . . . . . . . . 6, 7

*James 3 Corporation v. Truck Insurance Exchange* (2001)
91 Cal. App. 4th 1093, 1103, fn. 3 . . . . . . . . . . . . . . . . . . . . . . 13, 18

*Lee v. City of Los Angeles*
250 F.3d 668, 689 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Lipton v. Superior Court of Los Angeles County* (1996)
48 Cal. App. 4th 1599, 1613 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

*Montrose Chemical Corp. v. Superior Court* (1993)
  6 Cal. 4th 287, 300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*New Hampshire Ins. Co. v. Ridout Roofing Co. Inc.* (1998)
  68 Cal. App. 4th 495 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 18

*Safeco Insurance Company of America v. The Superior Court of
Contra Costa County* (1999) 71 Cal.App.4th 782, 787, 789-790 . . . . 11, 13, 16

*Sanchez v. Lindsey Morden Claims Services, Inc.* (1999)
  72 Cal. App. 4th 249, 253; 84 Cal. Rptr. 2d 799 . . . . . . . . . . . . . . . . . . . . 6

*Security Officers Service v. State Comp. Ins. Fund* (1993)
  17 Cal. App. 4th 887 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Third Story Music, Inc. v. Waits* (1995) 41 Cal. App. 4th 798, 808 . . . . . . . 14

*Vitton Construction Co., Inc. v. Pacific Ins. Co.* (2003)
  110 Cal. App. 4th 762, 767-768 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Waller v. Truck Exchange*, Inc. (1995)
  11 Cal.4th 1, 35-36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15, 17, 18

*Western Polymer Technology, Inc. v. Reliance Ins. Co.* (1995)
  32 Cal. App. 4th 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## Statutes and Codes

Business & Professions Code § 17200 . . . . . . . . . . . . . . . 1, 2, 3, 4, 7, 18, 19

Business & Professions Code § 17203 . . . . . . . . . . . . . . . . . . . . . . . . . 19

Business & Professions Code § 17204 . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Civil Code § 2860 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

California Insurance Code § 923.5 . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . 1, 5, 20

## Other

Appleman On Insurance Law and Practice (2nd Ed.), § 143.3 (2004 ed.) . . . . 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In this action, Monarch complains that its insurer is spending too much of its ***own*** money defending and settling claims against Monarch and other additional insureds under a commercial package policy issued to Monarch.  Ranger issued a commercial package policy to Monarch, Policy no. RPO011520700 effective from December 15, 1998 to December 15, 1999 (the "Ranger Policy").[1]  The limit of liability per occurrence and in the aggregate for products/completed operations is $1,000,000.

This is not your typical insurance coverage dispute where the insured contends that the insurer has failed to defend or indemnify it for a claim covered under the insurance policy.  In this case, the insured contends that the insurer is providing more benefits than it should.  It is significant to note that the Ranger Policy is not reduced by defense cost.  Monarch alleges that Ranger has been defending and settling claims that have no merit.  See Complaint ¶¶ 16(e), 23(c), 30.  Based upon this purported misconduct, Monarch seeks declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing and violation of the Business and Professions Code § 17200, et seq.[2]  Each of these claims for relief fails to state a claim.

Monarch's breach of contract claim fails to state a claim against Ranger for which relief can be granted because it is not premised upon a breach of any provision in the Ranger Policy.  Monarch cannot state a claim against Ranger for

---

[1] Attached as Exhibit A to the Dec. of Wilson B. Townsend II ("Townsend Declaration"), is a true and correct copy of the comprehensive general liability portion of the Ranger Policy.  Pursuant to *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689 (9th Cir. 2001), if plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach the documents referred to in the complaint to a Rule 12(b)(6) motion to show that they do not support the plaintiff's claim.

[2] All further statutory references are to the Business and Professions Code unless otherwise indicated.

CHARLSTON, REVICH
& CHAMBERLIN LLP
2058s.WPD

1   breach of contract based upon Ranger's defense and settlement of claims made

2   against Monarch.  In fact, Monarch's allegations demonstrate that Ranger has

3   complied with its obligations under the insurance contract to defend and indemnify

4   Monarch.  Similarly, Monarch cannot state a claim against Ranger for breach of

5   the implied covenant of good faith and fair dealing based upon allegations that

6   Ranger is spending too much of its own money defending and settling claims.

7   Since there has been no breach of the insurance contract and no specific allegation

8   that Ranger has denied Monarch benefits due under the Ranger Policy, Ranger

9   cannot be liable to Monarch for breach of the implied covenant of good faith and

10   fair dealing.

11          Monarch's claim for relief for violation of § 17200, et seq. similarly fails to

12   state a claim for relief.  The complaint asserts that all of the actions and inactions

13   alleged have denied policyholders of their rights under insurance policies.  See

14   Complaint ¶ 32.  Therefore, the complaint, on its face, is solely a claim for relief

15   for alleged breach of contract.  It is essential that a plaintiff have no adequate

16   remedy at law in order to plead a claim for violation of § 17200, et seq.  Because

17   Monarch has an adequate remedy at law for alleged breach of contract, it cannot

18   maintain an action for violation of § 17200, et seq. Additionally, Monarch cannot

19   state a claim for violation of § 17200, et. seq. on the basis that Ranger defended

20   claims that had no merit since Ranger is contractually obligated to defend such

21   claims.   Public policy mandates that insurers pick up the defense of their insureds

22   whether or not the claims have merit and to settle those claims which the insurer

23   determines in its discretion should be settled.  The Ranger Policy does not require

24   Monarch's consent to settle claims and specifically affords Ranger discretion in

25   determining which actions should be settled.  See Townsend Declaration Exhibit

26   A, page 13.

27          RiverStone has been sued solely in its capacity as the agent retained by

28   Ranger to administer claims on its behalf.  See Complaint ¶ 4.  Monarch has failed

1   to state a claim against RiverStone upon which relief can be granted because

2   RiverStone is an agent of Ranger and owes no duties to Monarch.  RiverStone is

3   not a party to the Ranger Policy and cannot be held liable for any claims based

4   upon the Ranger Policy.

5          Monarch's complaint should be dismissed in its entirety without leave to

6   amend as to RiverStone because RiverStone acted solely as the claims agent of

7   Ranger and owed no duties to Monarch.  With respect to the claims for relief

8   against Ranger, Monarch's First (Declaratory Relief), Second (Breach of

9   Contract), Third (Breach of the Covenant of Good Faith and Fair Dealing) and

10  Fourth (Violation of § 17200, et seq.) Claims for Relief should be dismissed since

11  Monarch has failed to allege any actionable wrongdoing by Ranger.

12  **II.    MONARCH'S COMPLAINT**

13         The gravamen of Monarch's claims against Ranger is that Ranger is

14  providing too many benefits to Monarch by defending and resolving claims which

15  Monarch believes are without merit.  Specifically, Monarch asserts that it is

16  entitled under the law and policy to determine whether claims made against it have

17  a factual basis before making tender to Ranger (See Complaint ¶¶ 9(a), 13, 16(f),

18  23(c)), that Ranger cannot unilaterally impose defense counsel to defend it without

19  Monarch's consent or permission or against Monarch's will (See Complaint ¶¶

20  9(e), 13, 16(j), 31(f)) and that Ranger must obtain Monarch's consent before it

21  accepts the tender of parties insured as additional insureds by endorsement to the

22  policy issued to Monarch (See Complaint ¶¶ 9(f), 13, 16(k)).  Monarch also asserts

23  that Ranger has breached the insurance contract by setting high loss reserves on

24  construction claims (See Complaint ¶¶ 16(a), 23(c), 30, 31(g)), by settling claims

25  for an amount lower than the reserves set by Ranger, by settling claims against

26  Monarch for an amount higher than the claims merit (See Complaint ¶¶ 16(b),

27  31(g)) and by defending Monarch from claims without providing Monarch with

28  the opportunity to determine whether the claims have merit (See Complaint ¶¶

1  9(a), 13, 16(f), 23(c)).

2      In other words, Monarch complains that it received too many benefits under

3  the policy.  Monarch's claims are without merit because the insurance policy

4  expressly provides Ranger with the authority to control the defense of claims made

5  against Monarch and the **discretion** to settle claims which Ranger believes should

6  be settled.  Based upon these allegations, Monarch asserts claims for relief for

7  declaratory relief, breach of contract, breach of the covenant of good faith and fair

8  dealing and violation of § 17200, et seq.

9  **III.   THE RANGER POLICY**

10      The Ranger Policy provides that Ranger has "the right and duty to defend

11  the insured against any "suit" seeking . . . damages [to which this insurance

12  applies]. . . . We may at our discretion investigate any "occurrence" and settle

13  any claim or "suit" that may result." [Commercial General Liability Coverage

14  Form ("CGL Form"), Sect. I.1.a, attached as Exhibit A to the Townsend

15  Declaration, page 13].  Pursuant to the terms of the Ranger Policy, Ranger

16  handled commercial general liability claims made against Monarch, including

17  defending and settling those claims.

18      The Ranger Policy contains a "Blanket Additional Insured(s)" endorsement

19  which amends Section II - WHO IS AN INSURED under the commercial general

20  liability coverage form to include the person(s) or organization(s) specifically

21  designated as an additional insured.  [Commercial General Liability Coverage

22  Part, Blanket Additional Insured(s) endorsement, form ACP-040 (3/97), attached

23  as Exhibit A to the Townsend Declaration, page 44].  Ranger also issued several

24  additional insured endorsements to developers and general contractors which

25  Monarch had agreed to perform plumbing services for.  See Townsend

26  Declaration Exhibit B.  The Additional Insured Endorsements amended the

27  definition of "Who Is An Insured" to include the developer/general contractor

28  with respect to liability arising out of work performed by Monarch for the

1    developer/general contractor.  See Townsend Declaration Exhibit B.

2         The Ranger Policy further provides that the insurance applies "[s]eparately

3    to each insured against whom claim is made or "suit" is brought."  [CGL Form,

4    Sect. IV.7.b, attached as Exhibit A to the Townsend Declaration, page 21].

5         Significantly, unlike most workers' compensation policies, the Ranger

6    Policy did not contain a retrospective premium feature.  The premium owed under

7    the Ranger Policy was not contingent upon the loss experience of the claims made

8    under the Ranger Policy.  The absence of a retrospective premium feature is

9    critical because it means that Monarch's loss history did not effect its premiums

10   under the Ranger Policy and that every dollar paid to defend and indemnify

11   Monarch was Ranger's, exclusive of deductibles.

12   **IV.   STANDARD OF REVIEW**

13        Dismissal is required under FRCP 12(b)(6) where there is a "lack of

14   cognizable legal theory" or "absence of sufficient facts alleged under a cognizable

15   theory." *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1988).

16   Dismissal should be made with prejudice if "it appears beyond doubt that the

17   plaintiff can prove no set of facts in support of his claim which would entitle him

18   to relief." *Conley v. Gibson* (1957) 335 U.S. 41, 45-46.

19   **V.    MONARCH FAILS TO STATE A CLAIM AGAINST RIVERSTONE**

20   **       UPON WHICH RELIEF CAN BE GRANTED**

21        The complaint fails to state a claim against RiverStone upon which relief can

22   be granted.  As properly identified in the complaint filed by Monarch, RiverStone

23   manages construction defect claims made under policies of insurance issued by

24   Ranger.  Complaint at ¶ 4.  RiverStone's involvement in the dispute arises solely

25   as the result of its retention by Ranger as its claims agent.

26   ///

27   ///

28   ///

A.   <u>**RiverStone is an Agent of Ranger and Cannot Be Sued**</u>
     <u>**Separately**</u>

Under California law, it is well settled that "an agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000). ". . . an insurance adjuster . . . may not be held individually liable for actions taken on behalf of the insurer." *Id.* at 1190; See also *Sanchez v. Lindsey Morden Claims Services, Inc.* (1999) 72 Cal. App. 4th 249, 253; 84 Cal. Rptr. 2d 799.

In this case, RiverStone acted on behalf of Ranger, the insurer, as its agent for the purpose of handling claims. The insurance contract was solely between Ranger and Monarch. Monarch does not allege that RiverStone was a party to the insurance contract or that RiverStone acted in any capacity other than as claims agent for Ranger. Therefore, pursuant to California law, RiverStone does not have any independent liability to Monarch.

B.   <u>**Riverstone Is an Agent of Ranger and Owes No Duty to**</u>
     <u>**Monarch**</u>

RiverStone is the agent of Ranger. There is no privity of contract between RiverStone and Monarch. "An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty and interfere with its faithful performance." *Sanchez v. Lindsey Morden Claims Services, Inc.* (1999) 72 Cal. App. 4th 249, 253. The complaint alleges that RiverStone had a duty to Monarch to act in good faith. The covenant of good faith and fair dealing is implied to prevent a contracting party from engaging in conduct that frustrates the other party's rights to receive the benefits of the agreement. *Waller v. Truck Exchange*, Inc. (1995) 11 Cal.4th 1, 36. Claims agents, such as RiverStone, are not parties to the insurance contract and not subject to the covenant of good faith and fair dealing. See *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal. 3d 809,

CHARLSTON, REVICH
& CHAMBERLIN LLP
2058s.wpd

1  824, *Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal. 3d 566, 576.

2      **C.**    **Plaintiff Cannot Assert a Claim for Violation of § 17200, et seq.**

3          **Against Riverstone**

4      Similarly, Monarch cannot state a claim for violation of § 17200, et seq.

5  against RiverStone ". . . an insurance adjuster . . . may not be held individually

6  liable for actions taken on behalf of the insurer." *Icasiano v. Allstate Ins. Co.*,

7  103 F. Supp. 2d 1187, 1190 (N.D. Cal. 2000).

8  **VI.**    **PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY**

9         **RELIEF UPON WHICH RELIEF CAN BE GRANTED**

10      The claim for declaratory relief is duplicative of the claim for relief for

11  breach of contract.  Since the claim for relief for breach of contract fails, the

12  complaint fails to state a claim for which declaratory relief can be granted.  See

13  *General Star Indemnity Company v. Schools Excess Liability Fund* 888 F. Supp.

14  1022, 1028 (N.D. Cal. 1995).  Accordingly, Ranger respectfully requests this

15  Court to dismiss Monarch's claim for relief for declaratory relief.

16  **VII.**   **PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER FOR**

17         **BREACH OF CONTRACT UPON WHICH RELIEF CAN BE**

18         **GRANTED**

19      Monarch alleges unique claims for which there is no precedent and for

20  which there is no basis in contract.  Specifically, Monarch complains that its

21  insurer, Ranger, spent too much of its own money defending and paying

22  commercial general liability claims.  Unlike policies that have a retrospective

23  premium feature, the cost of defending and settling claims falls entirely upon

24  Ranger, exclusive of the deductible.  There is no existing judicial authority

25  (outside the workers compensation system) that permits an insured to complain

26  over future higher premiums based upon amounts paid to settle claims.  Permitting

27  such a claim creates a dangerous precedent that would result in frequent denials of

28  coverage by insurers fearful that defending claims could expose them to claims by

1  the insured that they are liable for the increase in all future premiums.  Insureds

2  would run the risk that their insurers would fail to defend and indemnify them

3  because of their efforts to minimize the insureds' loss histories.  Insurers would

4  run the risk of bad faith exposure by not defending and settling claims against their

5  insureds.

6  **A.**  **Plaintiff Cannot Assert a Claim for Breach of Contract Against**

7  **Ranger for Defending a Claim Against Monarch That Lacked**

8  **Merit**

9  The complaint alleges that Ranger breached its contract with Monarch by

10  failing and refusing to evaluate claims on the merits or lack of merits (See

11  Complaint ¶¶ 9(a), 13, 16(f), 23(c)); by thwarting Monarch's attempts to minimize

12  its loss performance history by accepting the tenders of claims that had no merit

13  (See Complaint ¶¶ 9(d),16(i),23(c)), and by interfering with and thwarting

14  Monarch's efforts to lessen and avoid entirely, costs and attorneys fees paid by

15  Ranger and thereby reduce Monarch's insurance premiums in subsequent years

16  (See Complaint ¶¶ 9(d), 16(d), 16(i), 23(c)).  The gravamen of these assertions is

17  that Ranger has not been wisely spending its own money.  Unfortunately, Ranger

18  does not have the ability under California law to only defend those claims which

19  have merit.  The duty to defend attaches whenever the insurer ascertains facts

20  which may give rise to a potential for coverage. *Gray v. Zurich Ins. Co.* (1966)

21  65 Cal. 2d 263, 276-277.  Even a bare possibility of coverage is sufficient to

22  trigger a duty to defend. *Montrose Chemical Corp. v. Superior Court* (1993) 6

23  Cal. 4th 287, 300.  The carrier ***must*** defend a suit which potentially seeks

24  damages within the coverage of the policy. *Gray, supra*, 65 Cal.2d at p. 276

25  (emphasis added).  The duty of an insurer to provide a defense is broad and

26  applies when there is only a potential for coverage even if no covered loss is

27  ultimately found. *Aerojet-General Corp. v. Transport Indemnity Co.* (1997) 17

28  Cal. 4th 38, 59.  Thus, the duty to defend arises when there is a potential for

1  coverage under the policy.  The duty to defend does not depend on whether claims

2  have merit.  *Montrose, supra*, 6 Cal. 4th at 298.  Not only can Monarch *not* assert

3  that defending claims that have no merit constitutes a breach of the insurance

4  contract, the allegations demonstrate that Ranger fulfilled its contractual duty to

5  defend Monarch.

6       **B.     Monarch Cannot Assert a Claim for Breach of Contract Against**

7              **Ranger for Defending a Claim Against Monarch's Additional**

8              **Insureds That Lacked Merit or Without Monarch's Permission**

9       The complaint alleges that Ranger breached its contract with Monarch by

10  communicating and negotiating with additional insureds under the policy issued by

11  Ranger to Monarch without obtaining Monarch's consent or participation (See

12  Complaint ¶¶ 9(f), 13, 16(k)), and by paying defense and claim costs of additional

13  insureds without Monarch's permission to its detriment, regardless of merit or lack

14  thereof (See Complaint ¶¶ 9(f), 9(g), 16(k), 16(l)).  As discussed above, the duty

15  to defend arises attaches wherever the insurer ascertains facts which give rise to a

16  potential for coverage.  *Gray, supra*, 65 Cal.2d at p. 276-277.

17       The Ranger Policy contains a "Blanket Additional Insured(s)" endorsement

18  which amends Section II - WHO IS AN INSURED under the commercial general

19  liability coverage form to include the person(s) or organization(s) specifically

20  designated as an additional insured.  [Commercial General Liability Coverage

21  Part, Blanket Additional Insured(s) endorsement, form ACP-040 (3/97), attached

22  as Exhibit A to the Townsend Declaration, p. 44].  The Ranger Policy further

23  provides that the insurance applies "[s]eparately to each insured against whom

24  claim is made or "suit" is brought."  [CGL Form, Sect. IV.7.b, attached as

25  Exhibit A to the Townsend Declaration, p. 21].  An additional insured

26  endorsement that does not expressly or implicitly limit a defense obligation

27  imposes a duty to defend an additional insured upon the insurer.  See *Presley*

28  *Homes v. Am. States Ins. Co.* (1990) 90 Cal. App. 4th 571, 576-577.  "The fact

Charlston, Revich
& Chamberlin LLP
2058s.wpd

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

1   that an accident is not attributable to the named insured's negligence is *irrelevant*

2   when the additional insured endorsement does not purport to allocate or restrict

3   coverage according to fault." *Vitton Construction Co., Inc. v. Pacific Ins. Co.*

4   (2003) 110 Cal. App. 4th 762, 767-768.  In this case, the additional insured

5   endorsements do not expressly or implicitly limit Ranger's defense obligation to

6   additional insureds and provide coverage for liability arising out of Monarch's

7   work.  See Townsend Declaration, Exhibit B pages 53-61.  Accordingly, the duty

8   to defend additional insureds was triggered when Ranger ascertained facts that

9   gave rise to a potential for coverage.  Under California law and the express

10   provisions of the Ranger Policy, Ranger owed a separate duty to each additional

11   insured under the Ranger Policy.

12   **C.     Monarch Cannot Assert a Claim for Breach of Contract Against**

13   **Ranger for Appointing Counsel to Defend Monarch**

14   The complaint alleges that Ranger breached its contract with Monarch by

15   imposing defense counsel on Monarch without Monarch's consent or permission.

16   Under California law, when an insurer agrees to provide a defense without a

17   reservation of rights triggering the insured's right to independent counsel, the

18   insurer has the right to control the identity of defense counsel.  The Ranger Policy

19   also makes it clear that the insurer has the right to control the defense and the

20   identity of defense counsel.[3]

21   In Appleman On Insurance Law and Practice (2nd Ed.), § 143.3 (2004 ed.),

22   the insurer's right to control the defense of a claim against an insured is

23   summarized as follows:

24   § 143.3 . . . The insurer's duty to defend usually entails a right to

25   control the defense. [Footnote omitted.] [Para.]  Generally, the

26   insurer fulfills its duty to provide the insured with a defense by

27   

28   ───────────────────────────────
[3] Ranger has "the right and duty to defend the insured against any "suit" seeking . . . damages [to which this insurance applies]." [CGL Form, Sect. I.1.a, attached as Exhibit A to the Townsend Declaration, p. 13].

CHARLSTON, REVICH
& CHAMBERLIN LLP
2058s.wpd

1 appointing counsel to represent the insured, paying counsel's bills for
2 services, and providing counsel with the guidance in conducting the
3 defense that the client normally provides . . .

4        1.      Under California law, when an insurer has an obligation to
5 provide a defense under an insurance policy, it controls the defense unless it
6 reserves its rights in a manner which triggers the right to independent counsel
7 under California Civil Code § 2860.  Control over the defense is a broad concept
8 which generally includes, *inter alia*, the right to select defense counsel, the right to
9 decide how and when to settle a case and which affirmative defenses to assert.  In
10 *State Farm Mutual Automobile Ins. Co. v. Federal Ins. Co.* (1999) 72 Cal.App.4th
11 1422, 1429, the Court of Appeal noted that the insurer characteristically engages
12 and pays the attorney to defend the insured citing *American Mutual Liability Ins.*
13 *Co. v. Superior Court (Nork)* (1974) 38 Cal.App.3d 579.  See also *Safeco*
14 *Insurance Company of America v. The Superior Court of Contra Costa County*
15 (1999) 71 Cal.App.4th 782, 787, 789-790 ["[w]hen the insurer provides a defense
16 to its insured, the insured has no right to interfere with the insurer's control of the
17 defense . . .]; *Carolina Casualty Ins. Co. v. Bolling, Walter & Gawthrop*, 2005
18 U.S. Dist. LEXIS 20485 (E.D. Cal. May 31, 2005) pp. 21-22 ["An insurer
19 generally has the right to select counsel; a contrary rule would be inconsistent with
20 the insurer's right to control the defense and would place the insurer in the
21 untenable position of being financially liable but powerless to ensure the claim is
22 properly defended"].

23        Here, there is no reservation of rights triggering a right to independent
24 counsel and no conflict warranting appointment of independent counsel.  The issue
25 of whether an insurer has the right to determine the identity of legal counsel to
26 represent an insured in a third party action was recently addressed by Judge
27 Damrell in the case of *Carolina Casualty Insurance Company v. Bolling, Walter &*
28 *Gawthrop* 2005 U.S. Dist. LEXIS 20485 (E.D. Cal. May 31, 2005).  In *Carolina*

1  *Casualty*, the insured law firm opted to defend itself and refused to allow the

2  insurer's appointed counsel to defend a legal malpractice action based upon the

3  contention that the insured was "unwilling to pay their $50,000.00 deductible to

4  defend a frivolous claim." *Id.* at p. 7.  Judge Damrell found that although the

5  policy did not expressly state that the insurer has the right to select defense

6  counsel, that implicit in the right to control the defense was the right to select

7  defense counsel. *Id.* at p. 21.  The basis for this finding was that because the

8  insurance company was footing the bill for the defense and would be obligated to

9  pay any judgment rendered, it must be able to ensure that the claim is properly

10  defended. [Citations omitted] *Id.* at pp. 21-22.

11     Monarch does not contend that the claims made against it are not covered or

12  that Ranger does not owe a duty to defend such claims.  Since Ranger has the right

13  and the obligation to defend claims made against Monarch it also has the right to

14  select defense counsel to defend such claims.

15  **D.     Monarch Cannot Assert a Claim for Breach of Contract Against**

16          **Ranger for Setting Reserves**

17     The complaint alleges that Ranger breached its contract with Monarch by

18  setting high loss reserves on construction defect claims thereby causing increases

19  in the premiums which Monarch has paid for subsequent policies (See Complaint

20  ¶¶ 16(a), 23(c), 30, 31(g)).  Insurers conducting business in California are required

21  by law to establish and maintain reserves.  Cal. Insurance Code § 923.5.  These

22  statutorily compelled reserves are the "amount *estimated . . .* to provide for the

23  payment of all losses and claims for which the insurer may be liable, and to

24  provide for the expense of adjustment or settlement of losses and claims." *Lipton*

25  *v. Superior Court of Los Angeles County* (1996) 48 Cal. App. 4th 1599, 1613.

26  The *Lipton* court observed that the statute further requires that reserves be

27  computed in accordance with regulations promulgated by the Insurance

28  Commissioner, based '*upon reasonable consideration of the ascertained*

1 | *experience and the character of such kinds of business for the purpose of*

2 | *adequately protecting the insured and securing the solvency of the insurer.'* *Id.* at

3 | 1613.  The setting of reserves and the manner in which reserves are computed are

4 | required by statute.  Ranger cannot be held liable for doing that which it is

5 | required by law and the Department of Insurance to do.[4]  Moreover, the setting of

6 | reserves is separate from the rights and obligations of Ranger to Monarch under

7 | the Ranger Policy.  Finally, because insurers are required to post capital based on

8 | the amounts set forth in their reserves, it is counterintuitive to suggest that insurers

9 | would artificially increase reserves.

### E.    Monarch Cannot Assert a Claim for Breach of Contract Against Ranger for Settling Claims Without its Consent

The complaint alleges that Ranger breached its contract with Monarch by settling claims without Monarch's consent (See Complaint ¶ 16(e)) and by settling claims for higher than the claims warrant (See Complaint ¶¶ 16(b), 31(g), 16(b), 16(c)) and that Ranger breached its contract with Monarch by thwarting Monarch's efforts to lessen and avoid entirely, indemnity payments by Ranger and thereby reduce Monarch's insurance premiums in subsequent years (See Complaint ¶¶ 9(d), 16(d), 16(i), 23(c)).  It is well settled in California that an insurer has the right to settle claims against the insured.  See *James 3 Corporation v. Truck Insurance Exchange* (2001) 91 Cal. App. 4th 1093, 1103, fn. 3 (holding that the insurer's "right to control the defense necessarily encompasses the right to determine what measures are cost effective, bearing in mind liability and indemnity exposure."  See also *Safeco Insurance Company of America v. The Superior Court of Contra Costa County* (1999) 71 Cal.App.4th 782, 787, 789-790.

Moreover, the insuring agreement provides that Ranger "may at [its]

---

[4] In California, an exception is made with respect to policies that contain a retrospective premium feature.  See *Security Officers Service v. State Comp. Ins. Fund* (1993) 17 Cal. App. 4th 887.  In this case, there is no retrospective premium feature.

1  discretion . . . settle any claim or "suit" that may result." [CGL Form, Sect.

2  I.1.a, attached as Exhibit A to the Townsend Declaration, p. 13]. Ranger's right

3  to settle claims or suits in its own discretion is an express grant of discretionary

4  power contained in the insuring agreement. " . . . [C]ourts are not at liberty to

5  imply a covenant directly at odds with a contract's express grant of discretionary

6  power except in those relatively rare instances when reading the provision would,

7  contrary to the parties' clear intention, result in an unenforceable, illusory

8  agreement. . . . all other situations . . . would result in the obliteration of a right

9  expressly given under a written contract." *New Hampshire Ins. Co. v. Ridout*

10 *Roofing Co. Inc.* (1998) 68 Cal. App. 4th 495, 501 *citing Third Story Music, Inc.*

11 *v. Waits* (1995) 41 Cal. App. 4th 798, 808. In *Ridout Roofing*, the insured

12 contended that settlements were made predominantly to save costs of defense and

13 were not based on a true assessment of its liability exposure. Therefore, it argued

14 that the insurer placed its own interests above that of the insured. *Id.* at 505. The

15 court held that the insured suffered no detriment from the insurer's settlement of

16 the claims and that the insured did not have any right to object to a settlement

17 within policy limits even though such settlements were within the insured's

18 deductible. The court noted that in fulfilling its obligation to defend, the insurer

19 was " . . . *entitled to rely on the policy terms vesting in it the discretion and power*

20 *to settle claims . . .*" *Id.* at 506-507. See also *Western Polymer Technology, Inc.*

21 *v. Reliance Ins. Co.* (1995) 32 Cal. App. 4th 14, 27 ["A liability insurance

22 policy's purpose is to provide the insured with a defense and indemnification for

23 third party claims within the scope of the coverage purchased, and not to insure

24 the entire range of the insured's well-being."] In *Ridout Roofing*, the insurer

25 settled 11 construction defect claims and then sought reimbursement from the

26 insured for $50,000 in deductibles. The court held not only did the insurer have a

27 duty to defend but that "*in the course of fulfilling that obligation, it was entitled to*

28 *rely on the policy terms vesting in it the discretion and power to settle*

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

1  *claims–including using the insured's deductibles to help do so."*  *Ridout Roofing,*
2  *supra*, 68 Cal. App. 4th 495, 506-507.  Even when an insurer commits the
3  insured's money, in the form of deductibles, toward the resolution of a claim, the
4  insurer has the right to settle claims without the consent of the insured.

5  **VIII.  MONARCH FAILS TO STATE A CLAIM AGAINST RANGER FOR**
6  **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR**
7  **DEALING UPON WHICH RELIEF CAN BE GRANTED**

8  The covenant of good faith and fair dealing is implied as supplement to the
9  express contractual covenants to prevent an insurer from unreasonably denying
10  benefits under its policy.  Thus, a claim for bad faith cannot be maintained unless
11  policy benefits are due.  *Waller v. Truck Exchange, Inc*. (1995) 11 Cal. 4th 1, 36.

12  **A.  Ranger has no duty to apprise Monarch of actions and**
13  **communications taken on behalf of additional insureds because**
14  **the additional insureds are adverse litigants to Monarch and**
15  **under California law and the policy, Ranger owes a separate duty**
16  **to them**

17  The complaint alleges that Ranger breached the covenant of good faith and
18  fair dealing by unreasonably and without proper cause failing and refusing to
19  respond to Monarch's requests to be apprised of claims made on additional insured
20  endorsements and of Ranger's actions and communications on such claims.  (See
21  Complaint ¶ 23(a)).

22  The Ranger Policy contains a "Blanket Additional Insured(s)" endorsement
23  which amends Section II - WHO IS AN INSURED under the commercial general
24  liability coverage form to include the person(s) or organization(s) specifically
25  designated as an additional insured.  [Commercial General Liability Coverage
26  Part, Blanket Additional Insured(s) endorsement, form ACP-040 (3/97), attached
27  as Exhibit A to the Townsend Declaration, p. 44].  The Ranger Policy further
28  provides that the insurance applies "[s]eparately to each insured against whom

1  claim is made or "suit" is brought." [CGL Form, Sect. IV.7.b, attached as

2  Exhibit A to the Townsend Declaration, p. 21]. Under the Ranger Policy, Ranger

3  owes a separate duty to an additional insured equal to that of the duty owed to the

4  named insured. In this case, the additional insureds were adverse litigants to

5  Monarch. Ranger could not apprise Monarch with respect to actions and

6  communications taken on behalf of additional insureds just as Ranger could not

7  apprise third-parties with respect to actions and communications taken on behalf of

8  Monarch.

9  **B.**   **Ranger has no duty to seek or obtain Monarch's input and**

10      **expertise on claims because under the express terms of the**

11      **insurance policy, Ranger has the right to control the defense**

12      The complaint alleges that Ranger breached the covenant of good faith and

13  fair dealing by controlling the defense of the actions and by failing to seek or

14  obtain Monarch's input and expertise on claims even though Ranger was well

15  aware that Monarch was the best and most knowledgeable source about the actual

16  merit or lack of merit of the claims (See Complaint ¶¶ 23(b), 31(a)). Ranger

17  disagrees with Monarch's characterization of itself as the best and most

18  knowledgeable source regarding the actual merit or lack of merit of any claim

19  against it and it is unusual for an insured to admit that it a claim made against it

20  has merit. However, even assuming Monarch is the best and most knowledgeable

21  source regarding the actual merit or lack of merit of claims against it, Ranger has

22  no duty to seek or obtain Monarch's input or expertise.  Under California law, an

23  insurer that owes a duty to defend has the right to control the defense. The

24  complaint does not allege that Ranger has reserved rights on any issue which

25  would create a *Cumis* conflict. See *Safeco Insurance Company of America v. The*

26  *Superior Court of Contra Costa County* (1999) 71 Cal.App.4th 782, 787, 789-790

27  [When the insurer provides a defense to its insured, the insured has no right to

28  interfere with the insurer's control of the defense]. This allegation is nothing

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

1  more than a backdoor attempt to create a consent to settle right under the Ranger

2  policy which does not exist.

3  Based on California law, Ranger has no duty to seek or obtain the

4  expertise or input of Monarch with respect to defending claims made against it.

5  Therefore, Monarch cannot state a claim for relief for the breach of the covenant

6  of good faith and fair dealing for Ranger's failure to do so.

7  **C.    The benefits Monarch is claiming it was denied are not benefits**

8  **under the policy**

9  The complaint alleges that Ranger breached the covenant of good faith and

10  fair dealing by unreasonably and narrowly interpreting the Ranger policy in a

11  manner calculated to deny benefits due to plaintiff under the policies.

12  **(i)    Monarch asserts that Ranger denied policy benefits to it by**

13  **not allowing Monarch to request of claimants whether such**

14  **claimants have an actual, factual basis for such claims (See**

15  **Complaint ¶¶ 9(a), 13, 16(f), 23(c))**

16  Ranger had a duty to defend insureds under the policy irrespective of

17  whether the claims had merit.  Once Ranger provided a defense, it had the right to

18  control that defense.  Therefore, Ranger had no duty to allow Monarch to request

19  of claimants whether such claimants had an actual, factual basis for a claim.

20  Moreover, the contacting of claimants is not a benefit due under the Ranger

21  Policy.  In accordance with *Waller v. Truck Exchange* (1995) 11 Cal. 4th 1, 35-36

22  a claim for bad faith cannot be maintained.

23  **(ii)    Monarch asserts that Ranger denied policy benefits to it by**

24  **setting high loss reserves for claims (See Complaint ¶¶ 16(a),**

25  **23(c), 30))**

26  As discussed above, insurers conducting business in California are required

27  to establish and maintain reserves.  Cal. Insurance Code § 923.5.  The

28  computation of such reserves are required by law.  Accordingly, this claim for

17

1    relief cannot be articulated as a benefit due under the Ranger Policy.  In

2    accordance with *Waller v. Truck Exchange* (1995) 11 Cal. 4th 1, 35-36, a claim

3    for bad faith cannot be maintained.

4         **(iii)   Monarch asserts that Ranger denied policy benefits to it by**

5              **negotiating settlements without evaluating the merits of the**

6              **claim**

7         Under California law and the express provisions of the Ranger Policy,

8    Ranger has the right to settle claims regardless of whether such claims have merit.

9    *James 3 Corporation v. Truck Ins. Exch.* (2001) 91 Cal. App. 4th 1093.   The

10   insuring agreement provides that Ranger "may at [its] discretion . . . settle any

11   claim or "suit" that may result." [CGL Form, Sect. I.1.a, attached as Exhibit A to

12   the Townsend Declaration].  Ranger's right to settle claims or suits at its own

13   discretion is an express grant of discretionary power contained in the insuring

14   agreement.  *New Hampshire Ins. Co. v. Ridout Roofing Co. Inc.* (1998) 68 Cal.

15   App. 4th 495, 501.  Accordingly, this claim for relief cannot be articulated as a

16   benefit due under the Ranger Policy, and is, in fact, an express right of Ranger

17   under the policy.  In accordance with *Waller v. Truck Exchange* (1995) 11 Cal.

18   4th 1, 35-36, a claim for bad faith cannot be maintained.

19   **IX.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER FOR**

20        **VIOLATION OF § 17200 UPON WHICH RELIEF CAN BE**

21        **GRANTED**

22        The complaint alleges that Ranger is in violation of § 17200, et seq. of the

23   California Business & Professions Code with respect to the manner in which it has

24   been administering claims made against Monarch.  Specifically, Monarch asserts

25   that Ranger has engaged in and continues to engage in unlawful, unfair and/or

26   deceptive business acts and practices in violation of § 17200 et seq., the contracts

27   (i.e., policies) and California law.

28   ///

**A.**   **Monarch's claim for relief for violation of § 17200 fails as a**
**matter of law because Monarch has an adequate remedy at law**

It is essential that plaintiff have no adequate remedy at law in order to plead a claim for violation of § 17200. *Heighley v. J.C. Penney Life Insurance Co., et al*, 257 F.Supp. 2d 1241, 1259-1260 (C.D. Cal. 2003). In this case, although the complaint alleges that the plaintiff has no adequate remedy at law, the plaintiff also alleges that each action or inaction outlined in the complaint systematically breached Ranger's policy of insurance. See Complaint ¶¶ 10, 31(i), 32, 33. Monarch has an adequate remedy at law because its claims can be addressed through a claim for breach of contract. Accordingly, Monarch's claim for relief for violation of § 17200 fails as a matter of law.

**B.**   **Monarch's claim for relief for violation of § 17200 fails as a**
**matter of law because Monarch has received all benefits due**
**under the Ranger Policy and has not suffered an injury in fact**

Pursuant to § 17204 and Prop. 64 (2004), a plaintiff must be someone who has suffered an injury in fact and has lost money or property as a result of the violation. See *Arizona Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985, fn 4 (9th Cir. 2005). Monarch has received all benefits due it under the Ranger Policy because Monarch has been fully defended and indemnified. Accordingly, Monarch has not suffered an injury in fact and its claim for relief for violation of § 17200 fails as a matter of law.

**C.**   **Monarch's claim for relief for violation of § 17200 fails as a**
**matter of law because Monarch has not complied with procedural**
**requirements**

Business & Professions Code § 17203 and Prop. 64 (2004) requires private representative claims to comply with the procedural requirements applicable to class-action lawsuits. Monarch's complaint is a private representative claim that prays for restitution and/or disgorgement, including interest, to all persons who

CHARLSTON, REVICH
& CHAMBERLIN LLP
2058s.wpd

1  were injured since April 25, 2002.  Monarch's complaint has not complied with

2  the procedural requirements applicable to class-action suits and, therefore, fails as

3  a matter of law.

4  **X.**  **CONCLUSION**

5      For the foregoing reasons, defendants Ranger and RiverStone respectfully

6  request this Court to dismiss Plaintiff's complaint in its entirety pursuant to Rule

7  12(b)(6).

8

9  DATED: June 26, 2006          Respectfully submitted,

10                               CHARLSTON, REVICH & CHAMBERLIN LLP
                                 ROBERT W. KEASTER
11                               YVONNE M. SCHULTE

12

13                               By: _____

14                                   Robert W. Keaster,
                                     Attorneys for Ranger Insurance Company
15                                   and RiverStone Claims Management, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM