Robert W. Keaster (SBN 115847)
Yvonne M. Schulte (SBN 237868)
CHARLSTON, REVICH & CHAMBERLIN LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067-2746
Telephone: (310) 551-7000
Facsimile: (310) 203-9321
rkeaster@crcllp.com
yschulte@crcllp.com

Attorneys for Defendants
RANGER INSURANCE COMPANY and
RIVERSTONE CLAIMS MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONARCH PLUMBING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> RANGER INSURANCE COMPANY, RiverStone CLAIMS MANAGEMENT, LLC, and DOES 1 through 300, <br><br> Defendants | Case No. 2:06-cv-01357-WBS-KJM <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM** <br><br> [FRCP 12(b)(6)] <br><br> DATE: **September 5, 2006** <br> TIME: **1:30 p.m.** <br> CTRM: **5** <br><br> Assigned to the Honorable William B. Shubb |

CHARLSTON, REVICH & CHAMBERLIN LLP
11620D.WPD

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**

# **TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PLAINTIFF DOES NOT ALLEGE BREACH OF AN EXPRESS TERM OF THE RANGER POLICY . . . . . . . . . . . . . . . . . . . . . . . 2

III. WITHOUT AN UNDERLYING VIABLE BREACH OF CONTRACT CLAIM, THERE CAN BE NO BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING . . . . . . . . . . 3

IV.  PLAINTIFF'S RELIANCE UPON THE UNIQUE BODY OF CASE LAW PROVIDING FOR CLAIMS AGAINST WORKERS' COMPENSATION INSURERS IS MISPLACED . . . . . . . . . . . . . . . . . . . . . . . 4

V.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS WHICH WOULD REQUIRE RANGER TO PROVIDE INDEPENDENT COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.  PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF AGAINST RIVERSTONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

i

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**

# TABLE OF AUTHORITIES

**FEDERAL CASE**

*Icasiano v. Allstate Ins. Co.*,
    103 F.Supp. 2d 1187, 1191 (N.D. Cal. 2000) .................. 3

**STATE CASES**

*Accord Truck Ins. Exchange v. Superior Court*,
    (1996) 51 Cal. App. 4th 985 .................. 9

*Blanchard v. State Farm Fire & Casualty Co.*,
    (1991) 2 Cal. App.4th 345 .................. 9

*California Shoppers, Inc. v. Royal Globe Ins. Co.*,
    (1985) 175 Cal. App. 3d 1 .................. 3

*Dynamic Concepts, Inc. v. Truck Ins. Exchange*,
    (1998) 61 Cal. App. 4th 999 .................. 9

*Gruenberg v. Aetna Ins. Co.*,
    (1973) 9 Cal. 3d 566 .................. 3, 10

*Lance Camper Mfg. Corp. v. Republic Indem. Co. of Am.*,
    (1996) 44 Cal. App. 4th 194 .................. 7

*Love v. Fire Ins. Exch.*,
    (1990) 221 Cal. App. 3d 1136 .................. 3

*MacGregor Yacht Corp. v. SCIF*
    (1998) 63 Cal. App. 4th 448 .................. 7

*Murphy v. Hartford Accident & Indem. Co.*,
    (1960) 177 Cal. App. 2d 539 .................. 2

*National Sur. Corp. v. Fast Motor Serv.*,
    (1991) 213 Ill. App. 3d 500 .................. 4

*New Hampshire Ins. Co. v. Ridout Roofing Co., Inc.*,
    (1998) 68 Cal. App. 4th 495 .................. 3-6

*New Plumbing Contractors, Inc. v. Nationwide Mut. Ins. Co.*,
    (1992) 7 Cal. App. 4th 1088 .................. 4, 5

*Notrica v. SCIF*,
    (1999) 70 Cal. App. 4th 911 .................. 7

*Sanchez v. Lindsey Morden Claims Services, Inc.*,
    (1999) 72 Cal. App. 4th 249 .................. 10

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

ii

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

*Security Officers Serv., Inc. v. State Comp. Ins. Fund,*
     (1993) 17 Cal. App. 4th 887 .................................. 4, 6-8

*Tricor Calif., Inc. v. State Comp. Ins. Fund,*
     (1994) 30 Cal. App. 4th 230 .................................. 7, 8

*Waller v. Truck Ins. Fire Exch.,*
     (1995) 11 Cal. 4th 1 ............................................ 3

*Western Polymer Inc. v. Reliance Ins. Co.,*
     (1995) 32 Cal. App. 4th 24 .................................. 3-5, 7

**STATUTES**

California Code of Civil Procedure § 2860 ........................ 8, 9

California Code of Civil Procedure § 2860(c) ..................... 2

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

iii

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**

## I. INTRODUCTION

Defendants RANGER INSURANCE COMPANY ("RANGER") and RIVERSTONE CLAIMS MANAGEMENT, LLC ("RIVERSTONE") respectfully submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.

Although Plaintiff is suing RANGER and RIVERSTONE [1] for breach of contract and various other claims for relief which are based upon the contractual relationship between Plaintiff and RANGER, Plaintiff admits that its complaint does not rely upon any specific terms or conditions of the subject insurance policy. See Plaintiff's Opposition Page 4 lines 26-28.

While insurance contracts have special features, they are still contracts to which ordinary rules of contractual interpretation apply. RANGER's obligations to Plaintiff must be based upon the terms and conditions of the insurance policy. Courts interpret insurance policies as written and do not rewrite policies solely to make them more favorable to the insured.

The absence of any breach by RANGER of a contractual obligation precludes Plaintiff from stating any claims for relief arising out of or based upon the RANGER insurance policy. Plaintiff's reliance upon the unique body of case law regarding claims against workers' compensation insurers is misplaced. All of the workers' compensation cases relied upon by Plaintiff involve "loss-sensitive" policies under which the insurer could retrospectively charge a higher premium, for the current term, if its loss experience for that year is higher than expected. The RANGER policy is not a "loss-sensitive" policy and therefore the workers' compensation cases relied upon by Plaintiff are not controlling. Plaintiff's

---

[1] Plaintiff does not dispute that RIVERSTONE is not a party to the insurance contract.

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

Opposition fails to cite a single case where a California court has imposed liability upon a commercial general liability insurer for settlement of claims within its policy limits.

Although Plaintiff's Opposition makes a vague reference to conflict of interest, Plaintiff fails to identify any coverage issue that RANGER has reserved rights on which could be controlled by defense counsel retained by RANGER. Such a circumstance is required before Plaintiff would be entitled to independent counsel under California Civil Code § 2860(c).

Plaintiff also erroneously asserts that because RIVERSTONE is a separate entity from RANGER, that RIVERSTONE can be liable for breach of the RANGER insurance policy and the various claims for relief which purportedly arise out of the alleged breach of the RANGER policy. Again, Plaintiff has failed to cite any cases which support its novel legal theory. It is well settled under California law that insurance adjusting firms which administer claims for insurers are not liable for breach of contract or bad faith and do not owe any duties of care to the insured.

Since Plaintiff's Complaint fails to state a claim against either RIVERSTONE or RANGER, Defendants' Motion to Dismiss should be granted.

## II. PLAINTIFF DOES NOT ALLEGE BREACH OF AN EXPRESS TERM OF THE RANGER POLICY

In order for an action to be based upon an instrument in writing the writing must express the obligation sued upon. *See Murphy v. Hartford Accident & Indem. Co.,* (1960) 177 Cal. App. 2d 539, 543.

Plaintiff's breach of contract claim fails as the RANGER Policy does not contain any of the express terms that Defendants allegedly breached. No term within the Policy requires that RANGER control costs or keep Plaintiff informed.

CHARLSTON, REVICH
& CHAMBERLIN LLP
I 1620D.WPD

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

Finally, while RANGER has a "right," and "duty" to defend claims, no provision limits the manner in which RANGER handles claims. Indeed, as it is RANGER's right, it is entitled to exercise discretion in executing those rights. *See, e.g., Western Polymer Inc. v. Reliance Ins. Co.*, (1995) 32 Cal. App. 4th 24, 26, *New Hampshire Ins. Co. v. Ridout Roofing Co., Inc.*, (1998) 68 Cal. App. 4th 495.

As the primary benefit provided under any commercial general liability insurance policy, RANGER is obligated to defend and indemnify Plaintiff for claims made under the RANGER Policy. It is not alleged that RANGER breached any of these duties.

Because none of the "duties" purportedly breached by RANGER are actual terms or conditions of the RANGER Policy and since RANGER is not otherwise alleged to have breached an express term of the Policy, Plaintiff's breach of contract cause of action fails to state a claim and, therefore, must be dismissed.

### III. WITHOUT AN UNDERLYING VIABLE BREACH OF CONTRACT CLAIM, THERE CAN BE NO BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In the absence of a contractual breach, there can be no breach of the implied covenant of good faith and fair dealing. *See Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1191 (N.D. Cal. 2000). Specifically, insurance bad faith rests upon the unreasonable denial of a contractual benefit. *See Gruenberg v. Aetna Ins. Co.*, (1973) 9 Cal. 3d 566, 573; *California Shoppers, Inc. v. Royal Globe Ins. Co.*, (1985) 175 Cal. App. 3d 1, 54. Therefore, a bad faith claim cannot be maintained "unless policy benefits are due." *Waller v. Truck Ins. Fire Exch.*, (1995) 11 Cal. 4th 1, 35. *See also Love v. Fire Ins. Exch.*, (1990) 221 Cal. App. 3d 1136, 1151 (To recover under a bad faith theory, Plaintiff must prove the threshold fact that "benefits due under the policy [were] withheld.").

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.WPD

3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

As discussed above, Plaintiff has failed to allege a breach of a single express term of the Policy between itself and RANGER. In its Opposition, Plaintiff concedes that its Complaint is not based upon a breach of any specific policy terms. See Plaintiff's Opposition Page 4 lines 26-28. Accordingly, Plaintiff's bad faith claim for relief must be dismissed.

IV. **PLAINTIFF'S RELIANCE UPON THE UNIQUE BODY OF CASE LAW PROVIDING FOR CLAIMS AGAINST WORKERS' COMPENSATION INSURERS IS MISPLACED**

As an initial matter, it should be observed that "in general, an insurance company is given broad discretion in adjusting claims as long [as] the settlement does not exceed policy limits." *Security Officers Serv., Inc. v. State Comp. Ins. Fund*, (1993) 17 Cal. App. 4th 887, 897 (*citing National Sur. Corp. v. Fast Motor Serv.*, (1991) 213 Ill. App. 3d 500; *Western Polymer Tech., Inc. v. Reliance Ins. Co.*, (1995) 32 Cal. App. 4th 14, 24-25, 26 n.7 ("an insurer normally cannot be liable to the insured if the insurer does no more than settle a claim or suit within the policy's limit"); *New Plumbing Contractors, Inc. v. Nationwide Mut. Ins. Co.*, (1992) 7 Cal. App. 4th 1088.

This is particularly true where the underlying policy, as here, gives the insurer the right to investigate and settle claims. [See Townsend Declaration, Exhibit "A" Page 13.] By virtue of this provision and the discretion afforded to it, the insurer is "entitled to control settlement negotiations without interference from the insured," and generally has no liability under a policy to the insured for settling within the policy limits. *See Western Polymer, supra* at 24-25; *New Hampshire Ins. Co. v. Ridout Roofing Co.*, (1998) 68 Cal. App. 4th 495.

As is the case with any typical liability policy, the insurer fulfills its primary contractual obligations when it defends and settles a claim. The mere

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

4

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

allegation that an insured may somehow be consequentially harmed by the handling and settlement of that claim is not, in itself, sufficient to impose liability. For example, no liability exists where the insured's business reputation has been harmed by the manner in which the insurer defended a claim or where the resolution may have financially impacted the insured. *See Western Polymer, supra,* at 26-27; *Ridout, supra,* at 504-505. Further, the contention that the manner in which a claim was handled may have impacted *future* higher premiums is also insufficient. *See New Plumbing, supra,* at 1097. So long as it is the case that Plaintiff received the benefits of the Policy - that is, coverage for claims - its allegations that RANGER mishandled claims resulting in higher future premiums "does not implicate a breach of any implied obligation of good faith and fair dealing." *Id.*

The *Ridout* case provides an example of the broad discretion that is granted to an insurer in investigating and settling third-party claims. In *Ridout*, an insured tendered to its insurer eleven (11) claims, all of which the insurer settled for approximately $150,000. Afterwards, pursuant to the contract, the insurer sought reimbursement from the insured of approximately $50,000 in deductibles. The insured refused to pay arguing that the policy did not cover the underlying claims. The insurer argued that it complied with the contract and that payment under the contract was owed.

The *Ridout* court agreed with the insurer and held that the covenant of good faith and fair dealing did not operate to limit an insurer's ability to "eat up" an insured's deductibles in settling claims. *See Ridout, supra, at 504-505.* While it may have been the case that the insurer settled claims for which the insured may not have been ultimately liable, under the policy in that action, the insurer had discretion to settle those claims and seek reimbursement of the deductibles, and the court held that the implied covenant of food faith and fair dealing "cannot be utilized to limit or restrict an express grant of discretion in a contract to one of the

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

5
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

parties thereto." *Id.*

Unlike the circumstances in *Ridout* where the insurer was using the insured's money to settle claims, Plaintiff complains that RANGER is using **too much of its own money** to defend and settle claims. Clearly, if an insured has no cause of action in a situation such as *Ridout*, Plaintiff cannot complain that its insurer's defense and handling of claims has only caused it to pay *future* higher premiums.

Plaintiff's reliance upon *Security Officers Serv., Inc. v. State Comp. Ins. Fund.* (1993) 17 Cal. App. 4th 887 and its progeny is misplaced. In these cases, courts held that the employer-insured could sue their workers' compensation insurer for alleged misconduct in the handling of claims and setting of reserves. The facts in those cases, however, are critically different from those at issue here. Specifically, the holding in *Security Officers* turned on the fact that the workers' compensation insurance policy at issue there was "loss-sensitive."

A "loss-sensitive" policy is one under which an insured may be retrospectively charged a higher premium, <u>for the current term</u>, if its loss experience for that year is higher than expected. Conversely, if the loss experience of a particular year is lower than expected, an insured may receive a dividend (i.e., a premium refund) for that year. These policies are distinct from policies where an insured's loss experience might only impact future premiums (similar to any other insurance policy, where past experience affects future cost of coverage).

The significance of the "loss-sensitive" policy is noted by the *Security Officers* court:

> [I]n general, an insurance company is given broad discretion in adjusting claims as long [as] the settlement does not exceed policy limits. [] However, the general rule is irrelevant here, where the policy limits are not a set figure. **When an insurance policy**

CHARLSTON, REVICH
& CHAMBERLIN LLP
1162OD.wpd

6
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**

> **contains a retrospective premium feature, an insurer's failure to act reasonably when adjusting claims automatically subjects the insured to greater financial obligation in the form of increased premium rates.**

*Security Officers Serv., Inc., supra,* at 897 (emphasis added); *See also Tricor Calif., Inc. v. State Comp. Ins. Fund,* (1994) 30 Cal. App. 4th 230 (also dealing with retrospective premium policy where the insured may be paid dividend or incur higher premiums for the current year).

Further compelling guidance is provided in the *Western Polymer* action. In discussing and distinguishing the facts and holding in *Security Officers*, the California Court of Appeal stated:

> More recently, *Security Officers Service, supra,* 17 Cal. App. 4th 887, found that a workers' compensation insurer had a duty to use good faith in investigating, defending, setting claims reserves, and settling claims, when those activities directly influenced the insured's premiums and potential dividends under the policy. **Under the policies in that case, the insured's premiums and dividend rights depended, in part, on the insured's loss experience rating, which could be modified because of the number of claims outstanding at year-end and the reserves the insurer established for those outstanding claims.**

*Western Polymer, supra* at 25-26 (emphasis added) (noting the fact that the policy in the *Security Officers* case dealt with an insurance policy containing a "retrospective premium feature").[2]

---

[2] Indeed, every workers' compensation case after the *Security Officers* case that has permitted a claim for bad faith to proceed involved a suit to recover retroactively increased premiums and/or dividends, which only apply to loss-sensitive policies. *See Notrica v. SCIF,* (1999) 70 Cal. App. 4th 911, 919 (seeking dividends); *MacGregor Yacht Corp. v. SCIF,* (1998) 63 Cal. App. 4th 448, 455, 459; *Lance Camper Mfg. Corp. v. Republic Indem. Co. of Am.,* (1996) 44 Cal. App.

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.WPD

7

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

In direct contrast to cases such as *Security Officers* and its progeny, the RANGER Policy is not "loss-sensitive" (i.e., it has no "retrospective premium feature"). The RANGER Policy contains no provision or attached endorsement providing for a post-term policy modification of premiums owed under the policy based upon that year's claims loss experience.

The absence of this foundational fact is critical. As was the case in *Security Officers*, under a "loss-sensitive" workers' compensation policy, an insurer may be deemed to have a bad-faith motivation to over-reserve claims or increase the expenses of handling a claim. Such practices would benefit the insurer, since the insurer could retrospectively charge a higher premium to the insured for the current term. In contrast, under the policy here, RANGER could have had no such motivation, as it could not attempt to procure additional premiums from Plaintiff for higher-than-expected losses. Instead, RANGER itself would have to bear all costs in handling claims.

Under all existing California law, Plaintiff has no right to interfere with the manner in which RANGER spends its money to defend and settle cases.

## V. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY FACTS WHICH WOULD REQUIRE RANGER TO PROVIDE INDEPENDENT COUNSEL

Since the enactment of California Civil Code § 2860, it has been uniformly held that the right to independent counsel does not arise in every situation where the insurance company defends under a reservation of rights. There must be evidence that "the outcome of the coverage issue can be controlled by counsel first retained by the insurer for the defense of the underlying claim." *See*

4th 194, 197; *Tricor Calif., Inc. v. SCIF,* (1994) 30 Cal. App. 4th 230, 233.

8
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

*Blanchard v. State Farm Fire & Casualty Co.,* (1991) 2 Cal. App.4th 345, 350; *Accord Truck Ins. Exchange v. Superior Court,* (1996) 51 Cal. App. 4th 985, 994.

In *Blanchard*, the insurer agreed to defend a general contractor sued by a homeowners association alleging various defects in the construction of townhomes. The defense was under a reservation of rights. Interpreting the policy, the court concluded that "the contractor bore the risk of repairing or replacing faulty workmanship, while the insurer bore the risk of damage to property of others. (Citations omitted) If, for instance, faulty workmanship in the framing of drywall led to rainwater leaking in and damaging a homeowners' furnishings, the contractor would be indemnified for the damage to the furnishings, but not for the cost of repairing or replacing the faulty workmanship. (Citations omitted)." 2 Cal. App. 4th at 348-349. Because "the coverage issue involved only damages" and "insurance counsel had no incentive to attach liability to the insured," the court concluded there was no need for independent counsel. *Id.* at 350. The contractor's reference to "an unspecified possibility of a conflict" did not persuade the court otherwise.

Before an insured is entitled to independent counsel under § 2860, "the conflict must be significant, not merely theoretical, actual, not merely potential." (Citations omitted). *See Dynamic Concepts, Inc. v. Truck Ins. Exchange,* (1998) 61 Cal. App. 4th 999, 1007. "The potential for conflict requires a careful analysis of the parties' respective interests to determine if they can be reconciled (such as by a defense based upon total non-liability) or whether an actual conflict of interest precludes insurer-appointed defense counsel from presenting a quality defense for the insured." *Id.* at 1007-1008.

Plaintiff fails to allege in its Complaint or assert in its Opposition any facts which would require RANGER to provide Plaintiff with independent counsel pursuant to California Civil Code § 2860.

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

9

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

## VI. PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF AGAINST RIVERSTONE

In its Opposition Plaintiff asserts that because RIVERSTONE is a separate entity from RANGER that it can be held liable for breach of RANGER's insurance policy and the other claims for relief asserted by Plaintiff which are predicated upon the contractual relationship. Plaintiff's position is not supported by existing California law. In *Gruenberg v. Aetna,* (1973) 9 Cal. 3d 566, 576 the California Supreme Court held that an insurance adjusting firm which was a separate entity from its insurer client, were "total strangers to the contract of insurance and not subject to the implied covenant of good faith and fair dealing."

Similarly, in *Sanchez v. Lindsey Morden Claims Services, Inc.,* (1999) 72 Cal. App. 4th 249, 255 the California Court of Appeals held that an insurance claim adjusting firm which was a separate entity from its insurer client, did not owe any duty of care to the insured.

Accordingly, since RIVERSTONE is a stranger to the insurance policy and owes no duty of care to Plaintiff as the insured under the RANGER Policy, Plaintiff cannot state any claim for relief against RIVERSTONE.

## VII. CONCLUSION

The Motion to Dismiss as to RIVERSTONE must be dismissed **with prejudice** as Plaintiff cannot, as a matter of law, state any claims against RIVERSTONE. In addition, while Plaintiff could potentially state a claim against RANGER and while Plaintiff has requested leave to amend, Plaintiff's Opposition fails to identify any additional facts which would state a claim for relief against RANGER.

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

10

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

1  Accordingly, it is respectfully requested that the Motion to Dismiss as to
2  RANGER also be granted without leave to amend.

4  DATED: August 28, 2006           Respectfully submitted,

   CHARLSTON, REVICH & CHAMBERLIN LLP
   ROBERT W. KEASTER
   YVONNE M. SCHULTE


   By: _____
       Robert W. Keaster,
       Attorneys for RANGER INSURANCE
       COMPANY AND RIVERSTONE CLAIMS
       MANAGEMENT, LLC

CHARLSTON, REVICH
& CHAMBERLIN LLP
11620D.wpd

11

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**