Robert W. Keaster (SBN 115847)
Yvonne M. Schulte (SBN 237868)
CHARLSTON, REVICH & CHAMBERLIN LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067-2746
Telephone: (310) 551-7000
Facsimile: (310) 203-9321
rkeaster@crcllp.com
yschulte@crcllp.com

Attorneys for Defendants
RANGER INSURANCE COMPANY and
RIVERSTONE CLAIMS MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONARCH PLUMBING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RANGER INSURANCE COMPANY, RIVERSTONE CLAIMS MANAGEMENT, LLC, and DOES 1 through 300,<br><br>Defendants | Case No. 2:06-cv-01357-WBS-KJM<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[FRCP 12(b)(6)]<br><br>DATE: December 11, 2006<br>TIME: 1:30 p.m.<br>CTRM: 5<br><br>Assigned to the Honorable William B. Shubb |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2006 at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the above-entitled Court, located at 501 I Street, #4-200, Sacramento, California 95814, Defendant RIVERSTONE CLAIMS MANAGEMENT, LLC ("RiverStone") will and hereby does move this Court to dismiss the entire First Amended Complaint ("FAC") without leave to amend as against RiverStone pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendant RANGER INSURANCE COMPANY ("Ranger") will and hereby does move this Court to dismiss the Second Claim for Relief for Breach of Contract without leave to amend as against Ranger pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## MOTION TO DISMISS

RiverStone moves to dismiss MONARCH PLUMBING COMPANY, INC's ("Monarch") FAC pursuant to FRCP 12(b)(6) on the grounds that the First, Second, Third and Fourth Claims for Relief do not assert a cognizable legal theory under which Monarch may recover from RiverStone and do not allege facts sufficient to state claims upon which relief may be granted. RiverStone is a claims agent acting on behalf of Ranger. RiverStone is not a party to the insurance contract with Monarch which forms the basis of all claims for relief. Monarch has not sought to add **a new claim for relief** as required by this Court's Order dated September 23, 2006.

Ranger moves to dismiss Monarch's Second Claim for Relief pursuant to FRCP 12(b)(6) on the grounds that the Second Claim for Relief does not assert a cognizable legal theory under which Monarch may recover from Ranger and does not allege facts sufficient to state claims upon which relief may be granted. The specific grounds are as follows:

    1.    Monarch's Second Claim for Relief for Breach of Contract should be dismissed on the following grounds:

- Monarch's breach of contract claim for relief does not allege a breach of an express provision of the insurance contract between Monarch and Ranger.
- Monarch's breach of contract claim for relief runs counter to the broad discretion given to insurers in investigating, defending and settling cases.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities filed herewith, the pleadings on file herein and upon such other argument and evidence as may be presented to the Court at the hearing of this matter.

DATED: November 6, 2006

Respectfully submitted,

CHARLSTON, REVICH & CHAMBERLIN LLP
ROBERT W. KEASTER
YVONNE M. SCHULTE

By: /s/ Robert W. Keaster
Robert W. Keaster,
Attorneys for Ranger Insurance Company
and RiverStone Claims Management, LLC

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................. 1

II. MONARCH'S FAC ................................................. 2

III. STANDARD OF REVIEW ........................................... 2

IV. MONARCH FAILS TO STATE A CLAIM AGAINST RIVERSTONE UPON WHICH RELIEF CAN BE GRANTED .......................................... 2

V. PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER FOR BREACH OF CONTRACT UPON WHICH RELIEF CAN BE GRANTED ...................... 3

VI. CONCLUSION .................................................... 8

## TABLE OF AUTHORITIES

**Federal Cases** — **Page(s)**

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1988) .................................................. 2

*Conley v. Gibson*
  (1957) 335 U.S. 41 ............................................................. 2

**State Cases**

*James 3 Corporation v. Truck Insurance Exchange*
  (2001) 91 Cal. App. 4th 1093 ................................................. 7

*New Hampshire Ins. Co. v. Ridout Roofing Co. Inc.*
  (1998) 68 Cal. App. 4th 495 .................................................. 7

*Safeco Ins. Co. of America v. The Superior Court of Contra Costa County*
  (1999) 71 Cal. App. 4th 782 .................................................. 7

*Third Story Music, Inc. v. Waits*
  (1995) 41 Cal. App. 4th 798 .................................................. 7

**Statutes**

Federal Rules of Civil Procedure Rule 12(b)(6) ...................... 1, 2, 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

RiverStone has been sued solely in its capacity as the agent retained by Ranger to administer claims on its behalf. All of the claims for relief in the FAC arise out of an insurance policy issued by Ranger to Monarch.[1] See FAC ¶¶ 9-11, 13, 16-18, 21-22, 24-25, 27-28, 30-34. Monarch has failed to state a claim against RiverStone upon which relief can be granted because RiverStone is an agent of Ranger and owes no duties to Monarch. RiverStone is not a party to the Ranger Policy and cannot be held liable for any claims based upon the Ranger Policy. The Court's September 23, 2006 Order granting RiverStone's Motion to Dismiss Plaintiff's Original Complaint required that Plaintiff attempt to plead a new claim for relief against RiverStone as the Court concluded that the claims for relief asserted in the Original Complaint failed to state a claim as a matter of law.

Monarch's breach of contract claim fails to state a claim against Ranger for which relief can be granted because it is not premised upon a breach of any provision in the Ranger Policy. Monarch cannot state a claim against Ranger for breach of contract based upon Ranger's settlement of claims made against insureds.

Monarch's complaint should be dismissed in its entirety without leave to amend as to RiverStone because RiverStone acted solely as the claims agent of Ranger and owed no duties to Monarch. With respect to the claims for relief against Ranger, Monarch's second Claim for Relief for Breach of Contract should be dismissed without leave to amend since it is not premised upon a breach of any

---

[1] The Policy, Policy no. RPO011520700 is a commercial package policy issued by Ranger to Monarch with effective dates of December 15, 1998 to December 15, 1999 (the "Ranger Policy"). The comprehensive general liability portion of the Ranger Policy was attached as Exhibit A to the Declaration of Wilson B. Townsend II in support of Ranger and RiverStone's Motion to Dismiss Action for Failure to State a Claim filed on June 26, 2006 ("Townsend Declaration"). This Court found that the Ranger Policy is unquestionably central to Monarch's claims and that the Court may consider it. Order on FRCP 12(b)(6) Motion,*6. Monarch refers to the Ranger Policy throughout its FAC. See, i.e., FAC ¶¶ 7-9, etc.

provision in the Ranger Policy.

## II. MONARCH'S FAC

The allegations contained in Monarch's FAC are almost identical to those contained in its Original Complaint. No new claims for relief are asserted against RiverStone and Monarch fails to allege any conduct that does not arise out of the insurance contract.

The only new allegation contained in the Claim for Relief for Breach of Contract against Ranger asserts that Ranger breached the implied covenant of good faith and fair dealing by paying claimants regardless of whether Monarch or other named insureds had liability for acts, errors and/or omissions. See FAC ¶ 17. The allegation that Ranger breached the implied covenant of good faith and fair dealing is a legal conclusion and the allegations supporting such a conclusion do not state a claim for breach of the terms of the contract between Monarch and Ranger. Monarch fails to assert that any of the terms of the insurance contract between Monarch and Ranger have been breached by Ranger.

## III. STANDARD OF REVIEW

Dismissal is required under FRCP 12(b)(6) where there is a "lack of cognizable legal theory" or "absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1988). Dismissal should be made with prejudice if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957) 335 U.S. 41, 45-46.

## IV. MONARCH FAILS TO STATE A CLAIM AGAINST RIVERSTONE UPON WHICH RELIEF CAN BE GRANTED

Monarch's Original Complaint was dismissed as to RiverStone because RiverStone is not a party to the insurance contract on which all of Monarch's claims for relief are based. Leave to amend was granted by this Court in its order dated September 23, 2006 because, legally speaking, the Court noted, Monarch could

bring at least some claims against a non-insurer defendant if it alleged additional facts accusing it of other tortious conduct.

Although Monarch was granted a second opportunity to allege claims for relief against RiverStone arising out of something other than the insurance contract between Monarch and Ranger, it has failed to do so. The FAC fails to allege any new claims for relief against RiverStone. In addition, all of the claims for relief in Monarch's FAC arise out of the insurance contract between Monarch and Ranger. Therefore, Plaintiff's FAC should be dismissed in its entirety with prejudice as to RiverStone.

## V. **PLAINTIFF FAILS TO STATE A CLAIM AGAINST RANGER FOR BREACH OF CONTRACT UPON WHICH RELIEF CAN BE GRANTED**

The Court dismissed Monarch's Claim for Relief for Breach of Contract against Ranger because the allegations did not address any breaches of the contract between Monarch and Ranger; rather, Monarch alleged that Ranger acted outside of the terms of the agreement and failed to adhere to general legal obligations not addressed by the terms of the agreement. Monarch was granted the opportunity to amend its complaint to state actual breaches of the terms of the agreement between Monarch and Ranger. It has failed to do so.

Only one allegation in Monarch's second Claim for Relief for Breach of Contract in the FAC has been added. Specifically, the general allegations contained in the Original Complaint are the same as the general allegations contained in the FAC (See Complaint and FAC ¶ 9(a)-(g)); the allegations contained in the Claim for Declaratory Relief in the Complaint are the same allegations contained in the Claim for Declaratory Relief in the FAC (See Complaint and FAC ¶ 13); the allegations contained in the Claim for Relief for Breach of Contract in the Original Complaint are the same allegations contained in the Claim for Relief for Breach of Contract in the FAC with the exception of ¶ 17 (See Complaint and FAC ¶ 16(a)-(l)).

The only new allegation contained in Monarch's Claim for Relief for Breach of Contract in its FAC is asserted in ¶ 17. Monarch attempts to allege that Ranger breached the BLANKET ADDITIONAL INSURED(S) endorsement (the "AI Endorsement") [The AI Endorsement is page 44 of Exhibit A of the Townsend Declaration].[2] The AI Endorsement states, in part:

> A. **SECTION II - WHO IS AN INSURED**, is amended to include the person(s) or organization(s) specifically designated as an **Additional Insured(s)** approved by **us**. A person or organization not specifically designated an **Additional Insured(s)** approved by **us** is afforded no coverage hereunder.
>
> * * *
>
> D. Coverage for the **Additional Insured(s)** is governed by the terms and conditions of this policy, including the insuring agreements.
>
> E. Coverage provided for **Additional Insured(s)** is only to the extent of the liability for acts, errors and omissions of the **Named Insured** as covered under this policy. No coverage is provided for liability based upon the products, acts, errors and omissions of the **Additional Insured(s)**.
>
> * * *

It is agreed that coverage is provided to the **Additional Insured(s)** named in the above schedule as follows:

Monarch claims that Ranger breached the (implied covenant of good faith and fair dealing in the) Ranger Policy when it "paid and continue[s] to pay claimants regardless of whether MONARCH PLUMBING or other Named Insureds on their policies had liability for acts, errors and/or omissions . . ." See FAC ¶ 17. Monarch

---

[2] Although the allegation is contained in the second Claim for Relief for Breach of Contract, the allegation contained in FAC ¶ 17 does not assert that Ranger breached a term of the insurance contract. Instead, the allegation asserts that Ranger breached the implied covenant of good faith and fair dealing "of" the AI Endorsement. Notwithstanding Monarch's failure to assert that a contract provision was breached, since the allegation is contained in the Claim for Relief for Breach of Contract, it is addressed as if it did.

does not allege that Ranger defended or indemnified non-insureds under the Ranger Policy issued to Monarch; rather Monarch is alleging that paying claimants, i.e., settling claims, without consideration of Monarch's liability constitutes a breach of the AI Endorsement and the Ranger Policy as a whole. Similar to all of the allegations in the Claim for Relief for Breach of Contract in the Original Complaint, the single new allegation contained in FAC ¶ 17 does not assert a breach of any of the terms of the contract between Monarch and Ranger.

The AI Endorsement amends Section II - WHO IS AN INSURED of the Commercial General Liability Coverage Form ("CGL Form") to include as an insured any person or organization specifically designated as an additional insured and approved by Ranger. See AI Endorsement, Sect. A. [Townsend Declaration, Ex. A, pg. 44]. Once a person or organization is designated as an additional insured and approved by Ranger, it is an insured under the policy issued to Monarch. Therefore, being an "insured" under the Ranger Policy is not predicated on liability or even that any work has been performed.

"Insured" is defined in the CGL Form: "The word 'insured' means any person or organization qualifying as such under WHO IS AN INSURED (Section II)." [CGL Form, Sect. II, attached as Exhibit A to the Townsend Declaration, page 13]. Once a person or organization is designated as an additional insured and approved by Ranger it is an "insured" with respect to the Commercial General Liability Coverage because the AI Endorsement amends Section II - WHO IS AN INSURED to include it.

The Insuring Agreement provides that Ranger "will have the right and duty to defend the **insured** against any 'suit' seeking [covered] damages. . . . [Ranger] may at [its] discretion investigate any 'occurrence' and settle any claim or 'suit' that may result." [CGL Form, Sect. I.1.a, attached as Exhibit A to the Townsend Declaration, page 13] (emphasis added). In addition, the AI endorsement expressly provides that coverage for the Additional Insured(s) is governed by the terms and

conditions of the policy, *including the insuring agreements*. See AI endorsement, Sect. D. [Townsend Declaration, Ex. A, pg. 44] (emphasis added). The insuring agreements contained in the contract between Monarch and Ranger expressly provide Ranger with the right and duty to defend any insured against a suit seeking covered damages and with the authority and discretion to settle any claim or suit against any insured.

Monarch does not assert that Ranger breached the AI Endorsement by providing a defense but instead by "pay[ing] claimants regardless of whether MONARCH PLUMBING or other Named Insureds on their policies had liability. . . ." See FAC ¶ 17. Monarch appears to be suggesting that Ranger cannot settle claims or suits unless Monarch is found liable for the acts, errors or omissions. AI Endorsement, Sect. E provides that the "Coverage provided for Additional Insured(s) is only to the extent of the liability for acts, errors and omissions of the Named Insured as covered under this policy. No coverage is provided for liability based upon the products, acts, errors and omissions of the Additional Insured(s)."

Section E of the AI Endorsement does not remove the express grant of discretionary power contained in the insuring agreement that provides Ranger with the discretion to settle claims or suits against insureds. Moreover, Section E of the AI Endorsement applies only to the coverage provided to additional insureds. Monarch does not allege that coverage was wrongfully extended to *additional insureds*. Monarch alleges that *claimants* were paid regardless of the liability of Monarch or other named insureds. Neither the AI Endorsement nor the Ranger Policy as a whole contain any language limiting Ranger's right to settle claims or suits.

In fact, this type of allegation was already rejected by this Court when it previously found that the allegation that Ranger breached the insurance contract by "failing and refusing to evaluate claims made on the Policies on the actual merits, or lack of actual merits" failed to state a claim. See Complaint ¶ 16(c), Order on FRCP

1  12(b)(6) Motion, *15. It is not a breach of the insurance contract for Ranger to
2  settle claims or suits against insureds without regard to actual liability; it is an
3  express grant of discretionary power found in the insuring agreement. It is settled
4  in California that an insurer has the right to settle claims against an insured.  See
5  *James 3 Corporation v. Truck Insurance Exchange* (2001) 91 Cal. App. 4th 1093,
6  1103, fn. 3 (holding that the insurer's "right to control the defense necessarily
7  encompasses the right to determine what measures are cost effective, bearing in
8  mind liability and indemnity exposure."  See also *Safeco Insurance Company of
9  America v. The Superior Court of Contra Costa County* (1999) 71 Cal. App. 4th
10 782, 787, 789-790.

11      Since Ranger expressly retains the discretion to settle any claim or suit
12 against any insured, Ranger has the discretion to settle any claim or suit prior to a
13 determination of liability.  " . . . [C]ourts are not at liberty to imply a covenant
14 directly at odds with a contract's express grant of discretionary power except in
15 those relatively rare instances when reading the provision would, contrary to the
16 parties' clear intention, result in an unenforceable, illusory agreement. . . . all
17 other situations . . . would result in the obliteration of a right expressly given
18 under a written contract." *New Hampshire Ins. Co. v. Ridout Roofing Co. Inc.*
19 (1998) 68 Cal. App. 4th 495, 501 *citing Third Story Music, Inc. v. Waits* (1995)
20 41 Cal. App. 4th 798, 808.  In *Ridout Roofing*, the insured similarly contended
21 that settlements were not based on a true assessment of liability exposure but made
22 predominantly to save costs of defense.  It argued that the insurer placed its own
23 interests above that of the insured.  *Id*. at 505.

24      The court held that the insured suffered no detriment from the insurer's
25 settlement of the claims and that the insured did not have any right to object to a
26 settlement within policy limits even when such settlements were within the
27 insured's deductible. The court noted that in fulfilling its obligation to defend, the
28 insurer was " . . . *entitled to rely on the policy terms vesting in it the discretion*

*and power to settle claims . . . ."* Id. at 506-507.

Monarch has failed to state an actual breach of any of the terms of the insurance contract between Monarch and Ranger. Therefore, the second Claim for Relief for Breach of Contract should be dismissed in its entirety as to Ranger.

## VI. CONCLUSION

For the foregoing reasons, Defendant RiverStone respectfully requests this Court to dismiss Plaintiff's FAC in its entirety with prejudice pursuant to Rule 12(b)(6). Defendant Ranger respectfully requests this Court to dismiss the second Claim for Relief for Breach of Contract in Plaintiff's FAC with prejudice pursuant to Rule 12(b)(6).

DATED: November 6, 2006

Respectfully submitted,

CHARLSTON, REVICH & CHAMBERLIN LLP
ROBERT W. KEASTER
YVONNE M. SCHULTE

By: _____
Robert W. Keaster,
Attorneys for Ranger Insurance Company
and RiverStone Claims Management, LLC